**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANDRE THOMPSON,                                                        PLAINTIFF
ADC #153142

v.                                      5:14CV00032-JLH-JJV

LEE, Jailer, Drew County Detention
Center; *et al*.                                                       DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

Plaintiff Andre Thompson, a state inmate confined at the Wrightsville Unit of the Arkansas Department of Correction (ADC), filed this *pro se* action, alleging unconstitutional conditions of confinement while housed at the Drew County Detention Facility (Jail) in October, 2013. Plaintiff submitted an Amended Complaint in accordance with the Court's February 4, 2014, Order (Doc. No. 10).  Having reviewed the Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## I.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."   *Id.*

## II.   FACTS AND ANALYSIS

In his original Complaint, Plaintiff alleged that when a fire broke out in the Jail on October 3, 2013, he was not allowed to exit the building, and was placed in a room next to the fire.   (Doc. No. 1 at 5.)   He stated the Jail sprinkler system did not work, and he was denied medical attention for smoke inhalation.   (*Id.*)   The Court noted in the February 4, 2014, Order that he did not include any specific allegations of unconstitutional conduct by any of the Defendants, and provided Plaintiff with the opportunity to amend his Complaint.   (Doc. No. 5 at 3.)   The Court indicated that the Amended Complaint should name all the parties who deprived him of his rights and provide specific facts against each named Defendant. (*Id.*)   The Court also noted that an Amended Complaint would render his original Complaint without legal effect.   (*Id.*)

In his Amended Complaint, Plaintiff refers specifically only to Defendant Ms. Lee, and states that she failed to follow proper exiting procedures at the time of the fire.   (Doc. No. 10 at 4.)   This allegation, however, is insufficient to state a claim against her.   In addition, he fails to include allegations of unconstitutional conduct against Defendants Potts and Hood.

To support an Eighth Amendment violation, Plaintiff must allege and prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993).   The "defendant's conduct must objectively rise to the level of a constitutional violation

by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)).

In the February 4, 2014, Order, this Court specifically instructed Plaintiff about the information he should include in his Amended Complaint, and his brief and vague allegation that Ms. Lee did not follow proper exiting procedure is not sufficient to state a claim of deliberate indifference. In addition, an allegation based solely on Ms. Lee's failure to follow Jail policies and procedures also fails to state a claim. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." *Williams v. Nix,* 1 F.3d 712, 717 (8th Cir. 1992).

Therefore, the Court finds Plaintiff's Amended Complaint should be dismissed, for failure to state a claim upon which relief may be granted. Plaintiff will be provided a final opportunity to specifically set forth his allegations against Defendants by filing objections to this Recommended Disposition.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Amended Complaint be DISMISSED for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an *in forma pauperis* appeal from an Order and Judgment

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 27th day of February, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE